JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURENCE J. GRAHAM, *et al.*,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>DUPONT DE NEMOURS, INC., *et al.*,<br><br>　　　　　　Defendants. | Case No. 2:25-cv-06135-FLA (SKx)<br><br>**ORDER DISMISSING ACTION; DENYING AS MOOT DEFENDANTS' MOTIONS TO DISMISS [DKTS. 15, 19, 23, 24, 26, 28, 30, 34, 41, 51, 149, 170, 184], PLAINTIFFS' MOTION FOR EXTENSION [DKT. 49], AND PLAINTIFFS' MOTION TO REMAND [DKT. 69]; DENYING PLAINTIFFS'** *EX PARTE* **APPLICATIONS TO REMAND [DKTS. 191, 205] AND FOR SANCTIONS [DKT. 200]; GRANTING DEFENDANTS ILUKA RESOURCES, INC. AND ILUKA RESOURCES (TN) LLC'S MOTION FOR SANCTIONS [DKT. 165]; AND ORDER TO SHOW CAUSE WHY PLAINTIFFS SHOULD NOT BE DEEMED VEXATIOUS LITIGANTS** |

**RULING**

Before the court are Defendants'[1] thirteen motions to dismiss ("Motions to Dismiss"). Dkts. 15, 19, 23, 24, 26, 28, 30, 34, 41, 51, 149, 170, and 184. Plaintiffs Laurence J. Graham ("Laurence Graham") and Betty Patrick Graham ("Betty Graham" and, with Laurence Graham, "Plaintiffs") filed a motion for extension of time to oppose several of the Motions to Dismiss (Dkt. 49, "Motion for Extension"). Dkt. 49. Also before the court are Plaintiffs' motion to remand this action to the Los Angeles County Superior Court (Dkt. 69, "Motion to Remand"), *ex parte* applications to remand (Dkt. 191, the "First Remand Application," and Dkt. 205, the "Second Remand Application" and, together, the "Remand Applications"), and an *ex parte* application for sanctions against the Iluka Defendants (Dkt. 200, the "Sanctions Application" and, with the Remand Applications, the "Applications"). Dkts. 191 ("First Remand Appl."), 200 ("Sanctions Appl."), 205 ("Second Remand Appl."). Finally, also before the court is the Iluka Defendants' motion for sanctions (Dkt. 165, "Sanctions Motion"), which is joined by the DuPont De Nemours Defendants (Dkt. 173) and Ineos Pigments USA Inc. (Dkt. 179; the court henceforth referring to Ineos Pigments USA, the Iluka Defendants, and the DuPont De Nemours Defendants as the

---

[1] Defendants in this action are: DuPont De Nemours, Inc., The Dow Chemical Company, Corteva, Inc., and The Chemours Company (collectively, the "DuPont De Nemours Defendants"); Dow, Inc.; Occidental Petroleum Corporation; Iluka Resources Inc. and Iluka Resources (TN) LLC (together, the "Iluka Defendants"); Iluka Resources Limited; Tronox, LLC; Tronox Limited; Tronox Holdings PLC; Huntsman Corporation; Kronos (US), Inc.; Kronos Worldwide, Inc.; National Industrialization Company; Venator Materials, LLC; Venator Materials, PLC; Ineos Group Limited; Titanium Metals Corporation; Precision Castparts Corp.; Ineos Pigments USA Inc.; Ineos Enterprises US Holdco LLC; Kinder Morgan, Inc.; Hunton Andrews Kurth, LLP; Hunton & Williams; Hunton & Williams LLP; JM Eagle; J-M Manufacturing Company, Inc.; Berkshire Hathaway Inc.; Charles O. Holliday, Jr. ("Holliday"); Kenneth Reed Mayo ("Mayo"); Reed Mayo Law Firm, P.C.; Sam Alexander ("Alexander"); and Frederick L. Pirkle ("Pirkle") (collectively, "Defendants"). Dkt. 1-2 at 8–9.

1  "Moving Defendants").  Dkt. 165 ("Mot.").

2       For the reasons stated herein, the court DISMISSES this action without leave to
3  amend, as this action is duplicative of previous litigation in other federal courts.  The
4  court DISMISSES this action with prejudice as to Titanium Metals Corporation.  The
5  court DENIES as moot Defendants' Motions to Dismiss and Plaintiffs' Motion for
6  Extension and Motion to Remand.  The court DENIES Plaintiffs' Applications.  The
7  court GRANTS the Moving Defendants' Sanctions Motion, and ORDERS the Moving
8  Defendants to file their request for attorney's fees and costs, including evidence, a
9  detailed quantification, and any additional points and authorities, within thirty (30)
10 days from the date of this Order.  Plaintiffs may respond to the Moving Defendants'
11 request for attorney's fees and costs no later than thirty (30) days upon service of
12 Defendants' request.  No reply shall be filed.  Finally, Plaintiffs are ORDERED to
13 Show Cause in writing, within thirty (30) days from the date of this Order, why they
14 should not be declared vexatious litigants under Local Rule 83-8.4.

## BACKGROUND

     Plaintiffs Laurence J. Graham ("Laurence Graham") and Betty Patrick Graham ("Betty Graham" and, with Laurence Graham, "Plaintiffs") have brought the duplicative claims asserted in this action (Case No. 2:25-cv-06135-FLA (SKx), the "Second Central District Action") on at least five occasions (collectively, the "Actions").  *See* Dkt. 1-2 ("FAC");[2] *Graham v. DuPont De Nemours, Inc.*, Case No. 3:24-cv-01551-RFL (N.D. Cal.) ("First Northern District Action"); *Graham v. DuPont De Nemours, Inc.*, Case No. 2:24-cv-09444-FLA (SKx) (C.D. Cal.) (the "First Central District Action"); *Graham v. DuPont de Nemours, Inc.*, Case No. 25SMCV03122 (Los Angeles County Superior Court) (the "Los Angeles Action"); *Graham v. DuPont de Nemours, Inc.*, Case No. 3:25-cv-06296-RFL (N.D. Cal.) (the "Second Northern District Action").

---

[2] Of the five Actions, this action was filed third in order.

All five actions concern the same claims against the same core Defendants.[3] *Compare* FAC, *with* First Northern District Action, Dkt. 1 at 9–47,[4] *and* First Central District Action, Dkt. 1-1.  In each action, Plaintiffs allege Defendants engaged in a price-fixing conspiracy to deprive Plaintiffs of fair and equitable consideration under ten (10) Virginia mining leases that were entered into between Plaintiffs' ancestors and Iluka Resources, Inc.'s predecessor-in-interest in the late 1980s and early 1990s. FAC ¶¶ 5–9; First Central District Action, Dkt. 1-1 ¶¶ 3–5; First Northern District Action, Dkt. 1 ¶¶ 3–5.  Plaintiffs contend their ancestors assigned their rights to royalties under the leases to their three daughters, including a one-third interest to Plaintiff Betty Graham.[5]  FAC ¶¶ 5–9; First Central District Action, Dkt. 1-1 ¶¶ 3–5; First Northern District Action, Dkt. 1 ¶¶ 3–5.  Plaintiffs seek rescission of the leases, relief under Cal. Civ. Code § 1692, and over $22 billion in damages.  FAC ¶¶ 5–9; First Central District Action, Dkt. 1-1 ¶¶ 3–5; First Northern District Action, Dkt. 1 ¶¶ 3–5.  The leases were the subject of an action litigated in the Sussex County Circuit Court in Virginia styled, *Iluka Resources Inc. v. Graham*, Case No. CL15-23-00, which resulted in a Final Judgment Order regarding royalties, entered September 26, 2022.  Dkt. 16-2.

On June 2, 2025, Plaintiffs filed their Complaint in the Los Angeles County Superior Court.  Dkt. 1-1.  Defendants removed the action to this court on July 7, 2025.  Since filing this action, Plaintiffs filed the Los Angeles Action on June 20, 2025, and an action in Alameda County Superior Court on June 26, 2025, which was

---

[3] Compared to the First Central District Action, Plaintiffs have added Defendants Alexander, Berkshire Hathaway, Inc., Holliday, Hunton & Williams, Hunton & Williams LLP, Iluka Resources (TN) LLC, Ineos Enterprises US Holdco LLC, Ineos Group Limited, J-M Manufacturing Company, Inc., Mayo, Pirkle, and Reed Mayo Law Firm, P.C.

[4] The court cites documents by the page numbers added by the court's CM/ECF System, rather than any page numbers included natively.

[5] The other two daughters are not parties to the Actions.

4

removed as the Second Northern District Action on July 28, 2025.

On February 11, 2025, this court dismissed, without leave to amend, the First Central District Action as duplicative of the Northern District Action. First Central District Action, Dkt. 301 at 8–9. On April 8, 2025, the court presiding over the First Northern District Action dismissed Plaintiffs' claims without prejudice and without leave to amend, for failure to state a claim as to all Defendants, and also for lack of personal jurisdiction as to all Defendants except Titanium Metals Corporation, which did not move to dismiss the claims on that basis. First Northern District Action, Dkt. 202. On June 20, 2025, the court in the First Northern District Action entered judgment in Titanium Metals Corporation's favor, after Plaintiffs failed to file an amended complaint timely. *Id.*, Dkt. 212.

## DISCUSSION

### I. Dismissal of Action

#### A. Legal Standard

Federal courts "retain broad powers to prevent duplicative or unnecessary litigation." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). Where a plaintiff files more than one suit in more than one district with similar claims, parties, and relief, the court has discretion to abate or dismiss the second action. *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982) (Dismissal is proper "when a complaint involving the same parties and issues has already been filed in another district.") (citation omitted); *Nakash v. Marciano*, 882 F.2d 1411, 1416 (9th Cir. 1989) ("It is enough if the two proceedings are substantially similar.") (citation and internal quotation marks omitted); *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) ("[T]he district court did not abuse its discretion in dismissing [plaintiff's] later-filed [duplicative] complaint with prejudice."). Federal comity and judicial economy give rise to rules which allow a district court to transfer, stay, or dismiss an action when a similar complaint was filed previously. *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 624 (9th Cir. 1991); *see also Adams*, 487

1  F.3d at 688 ("After weighing the equities of the case, the district court may exercise
2  its discretion to dismiss a duplicative later-filed action."); *Kehano v. Hawaii*, 202 F.
3  App'x 208, 209 (9th Cir. 2006) (holding district courts may dismiss duplicative
4  claims.).

5    *Pro se* litigants' pleadings must be liberally construed and all doubts should be
6  resolved in their favor. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations
7  omitted). Leave to amend must be granted if it appears the plaintiff can correct the
8  defects in the complaint. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). If a
9  claim or complaint cannot be saved by amendment, dismissal without leave to amend
10 is appropriate. *Sylvia Landfield Tr. v. City of Los Angeles*, 729 F.3d 1189, 1196 (9th
11 Cir. 2013); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) (futility of amendment
12 may require a district court to deny leave to amend).

13    **B.    Analysis**

14    Plaintiffs have now asserted the same claims involving the same facts against
15 largely the same defendants in five lawsuits, with this action being the third in order.
16 *Compare* FAC, *with* First Northern District Action, Dkt. 1 at 9–47, *and* First Central
17 District Action, Dkt. 1-1. In the First Central District Action, this court considered
18 and dismissed Plaintiffs' complaint without leave to amend, as the action was
19 duplicative of the First Northern District Action. First Northern District Action, Dkt.
20 301 at 6–9. Plaintiffs assert in this third action no new claims or cognizable facts. *See*
21 *generally*, FAC. The only substantive differences between the two Actions filed in
22 this district are small variations as to the named Defendants. *Compare* FAC, *with*
23 First Northern District Action, Dkt. 1 at 9–47, *and* First Central District Action, Dkts.
24 1-1, 301 at 6 (finding dismissal "warranted pursuant to the rule against duplicative
25 litigation in federal fora.").

26    Accordingly, the court exercises its discretion and DISMISSES this action as
27 duplicative of the First Central District and First Northern District Actions without
28 leave to amend. Further, Plaintiffs' claims against Titanium Metals Corporation are

6

DISMISSED with prejudice, as previously decided in the First Northern District Action. First Northern District Action, Dkt. 212.

## II.     *Ex Parte* Applications

Plaintiffs filed their First Remand Application on October 21, 2025, the Sanctions Application on November 10, 2025, and the Second Remand Application on November 12, 2025. First Remand Appl.; Sanctions Appl.; Second Remand Appl. Defendants filed oppositions and joinders at varying dates.[6]

The Applications are single-spaced filings, each exceeding 35 pages in length, that are largely incomprehensible. *Id.* The Remand Applications devote little-to-no cognizable argument to the merits of possible remand. First Remand Appl. at 8–34; Second Remand Appl. at 8–35. Both Remand Applications seek sanctions against Defendants for the removal of this action. First Remand Appl. at 9–13; Second Remand Appl. at 9–13. The Sanctions Application largely ignores the merits of potential sanctions, and instead describes various purported misdeeds by Defendants. *See, e.g.*, Sanctions Appl. at 8–11; 14–19; 25–32.

*Ex parte* applications are requests made to the court outside the framework of the ordinary rules for notice of a hearing. *Mission Power Eng'g Co. v. Cont'l Cas.*

---

[6] The Iluka Defendants and Hunton Andrews Kurth LLP filed an opposition to the First Remand Application on October 22, 2025. Dkt. 193. On November 11, 2025, the Iluka Defendants, Hunton Andrews Kurth LLP, and the DuPont De Nemours Defendants filed an opposition to the Sanctions Application (Dkt. 202, "Sanctions Opposition"). Dkt. 202. Several defendants joined the Sanctions Opposition: Ineos Pigments USA, Inc. (Dkt. 203); Kronos (US), Inc. and Kronos Worldwide, Inc. (Dkt. 204); Occidental Petroleum Corporation (Dkt. 207); Huntsman Corporation, Venator Materials PLC, and Venator Materials LLC (Dkt. 208); Holliday (Dkt. 210); J-M Manufacturing Company, Inc. (Dkt. 212); and Titanium Metals Corporation, Precision Castparts Corp., and Berkshire Hathaway, Inc. (Dkt. 222). The Iluka Defendants and Hunton Andrews Kurth LLP filed an opposition to the Second Remand Application on November 13, 2025 (Dkt. 211, the "Second Remand Opposition"). Dkt. 211. Several defendants joined the Second Remand Opposition: the DuPont De Nemours Defendants joined the Second Remand Opposition (Dkt. 218); Kronos (US), Inc. and Kronos Worldwide, Inc. (Dkt. 220); and Ineos Pigments USA, Inc. (Dkt. 226).

7

1  *Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995).  They do not offer the opposing party a
2  fair opportunity to respond and are "rarely justified." *Id.* at 490–91.  To obtain *ex*
3  *parte* relief, a moving party must present evidence to show that the moving party's
4  cause will be "irreparably prejudiced if the underlying motion is heard according to
5  regular noticed motion procedures" and that "the moving party is without fault in
6  creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of
7  excusable neglect." *Id.* at 492.

8        Plaintiffs argue *ex parte* relief to remand is necessary because "[t]he removal of
9  the action to this Court is causing [Laurence J. Graham] and Betty Patrick Graham
10  stress, aggravation, expense, and delay each of which is both harm and irreparable
11  harm ...." Dkt. 191-1 at 18; *see also* Dkt. 200-1 at 15 (alleging same); Dkt. 205-1 at
12  15 (alleging same).  Plaintiffs further argue that, because "Betty Patrick Graham is a
13  person of 80 years of age, the delay caused by the removal of the case to this Court is
14  causing her harm and irreparable harm which is good cause for *ex parte* relief." Dkt.
15  191-1 at 18; *see also* Dkt. 200-1 at 16 (alleging same); Dkt. 205-1 at 16 (alleging
16  same).

17        Plaintiffs' stated reasons for seeking *ex parte* relief fall far short of the
18  irreparable prejudice described in *Mission Power*.  Accordingly, the court having
19  considered Plaintiffs' Applications and finding they lack good cause DENIES the
20  Applications.

21  **III.  Motion for Sanctions**

22        The Moving Defendants' Sanctions Motion was filed on September 24, 2025.
23  Mot.; Dkt. 165-1 ("Mot. Br."); Dkt. 173; Dkt. 179.  Plaintiffs filed an untimely
24  opposition (Dkt. 213, "Opposition") on November 14, 2025.  The court will exercise
25  its discretion and consider the Opposition.  Dkt. 213 ("Opp'n").
26  / / /
27  / / /
28  / / /

### A. Legal Standard

The Moving Defendants move for sanctions under the court's inherent authority and 28 U.S.C. § 1927 ("§ 1927"). *Id.* at 16–18. Section 1927[7] vests federal courts with the power to hold attorneys personally liable for fees and costs incurred by the opposing party as a result of counsel's misconduct. The statute authorizes the imposition of sanctions against "any lawyer who wrongfully proliferates litigation proceedings once a case has commenced." *Pac. Harbor Cap., Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1117 (9th Cir. 2000). In the Ninth Circuit, sanctions under § 1927 may be awarded against *pro se* plaintiffs. *See Wages v. I.R.S.*, 915 F.2d 1230, 1235–36 (9th Cir. 1990); *see also* L.R. 1-3 ("Persons appearing pro se are bound by these rules, and any reference in these rules to 'attorney' or 'counsel' applies to parties pro se unless the context requires otherwise."), 83-2.2.3 ("Any person appearing pro se is required to comply with these Local Rules, and with the F.R.Civ.P., F.R.Crim.P., F.R.Evid. and F.R.App.P"); *accord* Standing Order, Dkt. 124 at 3 (all parties or their counsel, including pro se litigants, are required to be familiar with the court's rules). Courts considering imposition of sanctions under § 1927 must make a finding that the attorney to be sanctioned acted with "subjective bad faith." *New Alaska Dev. Corp. v. Guetschow*, 869 F.2d 1298, 1306 (9th Cir. 1989).

In addition, "the central purpose of [Fed. R. Civ. P.] 11 is to deter baseless filings in district court and thus … streamline the administration and procedure of the federal courts." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). To fulfill this purpose, Rule 11 "provides for the imposition of sanctions when a motion is frivolous, legally unreasonable, or without factual foundation, or is brought for an

---

[7] Section 1927 provides: "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

9

improper purpose." *Est. of Blue v. Cnty. of Los Angeles*, 120 F.3d 982, 985 (9th Cir. 1997). "Frivolous filings are those that are both baseless and made without a reasonable and competent inquiry." *Id.* (internal quotation marks and citations omitted); *see also Golden Eagle Distrib. Corp. v. Burroughs Corp.*, 801 F.2d 1531, 1536 (9th Cir. 1986) (attorneys have an affirmative duty to conduct a reasonable investigation "both as to law and as to fact"); *Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1177 (9th Cir. 1996) (Rule 11 sanctions may be imposed against *pro se* litigants). "The district court has wide discretion in determining the appropriate sanction for a Rule 11 violation[.]" *Hudson v. Moore Bus. Forms, Inc.*, 836 F.2d 1156, 1163 (9th Cir. 1987) (citation omitted). The sanction, however, "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4).

### B. Analysis

The Moving Defendants argue "Plaintiffs should be sanctioned for presenting and advocating a frivolous complaint and for engaging the *ex parte* motion process in bad faith and without reasonable basis for doing so." Mot. at 2. In this action alone, Plaintiffs have filed nine meritless, including six procedurally deficient, *ex parte* applications to remand. Dkts. 50, 128, 139, 154, 156, 159, 191, 200, 205. In the First Central District Action, Plaintiffs filed nine *ex parte* applications in the span of five days. First Central District Action, Dkts. 218, 219, 221, 229, 231, 237, 250, 251, 255.

In that action, this court twice warned Plaintiffs against the filing of improper *ex parte* applications. *Id.*, Dkts. 257 at 2–3 ("The continued overuse of improper *ex parte* applications by Plaintiffs will result in the imposition of sanctions."), 275 at 3 ("The court further advises Plaintiffs that the filing of multiple duplicative documents and improper *ex parte* applications is abusive and such conduct, if continued, will result in the imposition of sanctions."). The Moving Defendants also seek sanctions for the frivolous nature of this action, in light of the prior dismissal of Plaintiffs' duplicative action. Mot. Br. at 11–12.

      Plaintiffs primarily argue in opposition that sanctions are not warranted as the instant action is not duplicative of previous litigation. Opp'n at 2–3. Plaintiffs do not address the Moving Defendants' arguments that Plaintiffs have abused the *ex parte* application process, *see generally*, *id.*, and end their Opposition by arguing the court instead should sanction the moving Defendants for filing a frivolous motion. *Id.* at 5–6.

      The court finds sanctions against Plaintiffs are appropriate at this time. Plaintiffs have unreasonably and unnecessarily filed repeated, unjustified *ex parte* applications that abused the judicial process. The court twice warned Plaintiffs against such continued abuse in the First Central District Action, and imposed no sanctions at that time. First Central District Action, Dkts. 257 at 2–3, 275 at 3. Plaintiffs provided no evidence or arguments approximating the exigent circumstances needed to warrant *ex parte* relief for any of their nine applications. Accordingly, the court finds Plaintiffs have acted with subjective bad faith with respect to their repeated unmeritorious *ex parte* applications.

      Similarly, the filing of a frivolous complaint after the dismissal of an identical complaint in this court has wrongfully proliferated litigation, unnecessarily increased Defendants' costs, and resulted in harassing behavior deserving of sanctions. *See, e.g.*, *Williams v. Laimana*, Case No. 8:20-cv-0110-DOC (ADS), 2020 WL 8262400, at *2 (C.D. Cal. Dec. 22, 2020), *aff'd*, No. 21-55053, 2022 WL 563250 (9th Cir. Feb. 24, 2022) (sanctioning *pro se* plaintiffs for repeatedly filing frivolous lawsuits). While *pro se* parties are generally afforded greater lenience, Plaintiffs' misconduct cannot be attributed to the lack of legal expertise. The conduct has been informed and deliberate with a full appreciation of its impact on Defendants. Accordingly, the court finds Plaintiffs acted with subjective bad faith in filing repeated meritless complaints, which resulted in the systemic and fraudulent abuse of the judicial process deserving of sanctions.

      Having exercised its discretion and inherent authority, and found sanctions to

be appropriate in this action at this time, the court requires evidence concerning the extent of Defendants' attorney's fees and costs that are attributable to Plaintiffs' conduct in this action. *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000) ("The party seeking an award of fees must submit evidence supporting the hours worked and the rates claimed."). Accordingly, the court GRANTS the Moving Defendants' Sanctions Motion and ORDERS Defendants to file their request for attorney's fees and costs, including evidence, a detailed quantification, and any additional points and authorities, within thirty (30) days from the date of this Order. Plaintiffs may respond to Defendants' request for attorney's fees and costs no later than thirty (30) days upon service of Defendants' request. No reply shall be filed.

## IV.  Order to Show Cause that Plaintiffs are Not Vexatious Litigants

As stated, Plaintiffs have filed duplicative lawsuits against most of the same Defendants asserting the same claims. These filings do not appear to have been made in good faith as Plaintiffs appear to have filed a new action each time a court issued an adverse ruling, *e.g.*, the court's August 20, 2024 Order denying without prejudice Plaintiffs' motion to remand in the First Northern District Action (Dkt. 104), and this court's February 11, 2025 Order dismissing the First Central District Action as duplicative (Dkt. 301).

Accordingly, pursuant to Local Rule 83-8, the court ORDERS Plaintiffs to Show Cause, in writing, within thirty (30) days of service of this Order, why the court should not declare Plaintiffs vexatious litigants and direct the Clerk of the Court not to accept further filings from Plaintiffs without written authorization from a District Judge or Magistrate Judge of this Court, or impose other prefiling requirements similar to those of Cal. Code Civ. Proc. § 391.7. *See* Local Rule 83-8.4 ("[T]he Court may, at its discretion, proceed by reference to the Vexatious Litigants Statute of the

State of California, Cal. Code Civ. Proc. §§ 391–391.8.").[8]  Failure to respond timely shall be deemed an admission that Plaintiffs should be declared vexatious litigants.

Plaintiffs' response to the Order to Show Cause shall be limited to 2,500 words. The court will not consider a response that is (1) over the word limit and (2) does not contain a certificate of compliance with the word count.

## CONCLUSION

For the aforementioned reasons, the court hereby ORDERS as follows:

1. This action is DISMISSED without leave to amend.
2. This action is DISMISSED with prejudice as to Defendant Titanium Metals Corporation.
3. Defendants' Motions to Dismiss, Dkts. 15, 19, 23, 24, 26, 28, 30, 34, 41, 51, 149, 170, and 184 are DENIED as moot.
4. Plaintiffs' motion for extension to file opposition to Defendant Iluka Resources, Inc.'s motion to dismiss, Dkt. 49, and motion to remand, Dkt. 69, are DENIED as moot.
5. Plaintiffs' *ex parte* Applications, Dkts. 191, 200, and 205, are DENIED.
6. The Moving Defendants' Sanctions Motion, Dkt. 165, is GRANTED.
7. The Moving Defendants shall file their request for attorney's fees and costs, including evidence, a detailed quantification, and any additional points and authorities, within thirty (30) days from the date of this Order. Plaintiffs may respond to the Moving Defendants' request for attorney's fees and costs no later than thirty (30) days upon service of the Moving Defendants' request.  No reply shall be filed.

---

[8] "(b) 'Vexatious litigant' means a person who does any of the following: … (2) After a litigation has been finally determined against the person, repeatedly relitigates … (ii) the cause of action, claim, controversy, or any of the issues of fact or law, determined or concluded by the final determination against the same defendant or defendants as to whom the litigation was finally determined." Cal. Code Civ. Proc. § 391(b).

8. Plaintiffs are ORDERED to Show Cause, in writing, within thirty (30) days of service of this Order, as to why they should not be declared vexatious litigants under Local Rule 83-8.4. Failure to respond timely shall be deemed an admission that Plaintiffs should be declared vexatious litigants.

IT IS SO ORDERED.

Dated: January 6, 2026

FERNANDO L. AENLLE-ROCHA
United States District Judge